# Court of Appeals
## Tenth Appellate District of Texas

### 10-24-00021-CV

In the Matter of the Marriage of Kathryn Marks Smith and

Carey Dennis Smith

On appeal from the
472nd District Court of Brazos County, Texas
Judge Wendy Wood Hencerling, presiding
Trial Court Cause No. 20-001083-CVD-472

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

This case stems from a final decree of divorce, from which Appellant Kathryn Marks Smith raises four issues on appeal, namely about the characterization of certain properties as separate property and the denial of her reimbursement and interspousal tort claims. Appellee Carey Dennis Smith filed his response and his Motion to Dismiss Based upon Acceptance of Benefits Doctrine. Because we agree Kathryn Marks Smith has accepted the benefits of the judgment that she challenges on appeal, we agree that this appeal should be dismissed.

## Background

Kathryn Marks Smith ("K. Smith") filed for divorce on May 2, 2020. Prior to their marriage, on August 29, 2002, K. Smith and Carey Dennis Smith ("C. Smith") entered into a premarital agreement. The trial court severed the issue of enforceability of the premarital agreement and found the premarital agreement enforceable. K. Smith did not appeal the Court's final judgment on that issue. The premarital agreement defined several categories of separate property and stated that upon divorce: 1. each party retains his/her own separate property; and 2. the court is to divide property in a manner that is just and fair, but if the parties own no community property, there will be no property for the court to divide.

At the beginning of the parties' five-day bench trial, the parties stipulated to the characterizations of certain assets as either separate or community property to be divided by the court. The characterizations of other properties were disputed. Included in the disputed assets were the 875 FM 1888, Blanco, Texas ("Blanco Home") property and Texcrete, Inc. ("Texcrete"), a concrete business. The court found the Blanco Home and Texcrete to be C. Smith's separate property. The trial court awarded 100% of the community property to K. Smith, which included the 701 N. Smith, Hebbronville, Texas

property (the "701 Property"). The court also denied K. Smith's reimbursement claims and interspousal tort claims.

This appeal followed. In four issues, K. Smith challenged the court's characterization of the Blanco Home and Texcrete as separate property and challenged the court's denial of her reimbursement and interspousal tort claims. On or about June 12, 2024, during the pendency of this appeal, K. Smith sold the 701 Property that she owned pursuant to the court's award of 100% percent of the community property to K. Smith as part of the final decree of divorce. The 701 Property has since been developed following that sale.

C. Smith filed his Motion to Dismiss Based upon Acceptance of Benefits Doctrine, alleging that, by the sale of the 701 Property, K. Smith accepted the benefits of the final decree of divorce that she is now challenging on appeal. We agree.

## Dismissal

Under the acceptance of benefits doctrine, which bars appeal if the appellant voluntarily accepts the judgment's benefits and the opposing party is thereby disadvantaged, litigants cannot enjoy the fruits of a judgment while simultaneously challenging its validity. *Kramer v. Kastleman*, 508 S.W.3d 211 (Tex. 2017). "Courts must evaluate whether, by asserting

dominion over assets awarded in the judgment under review, the appealing party clearly intended to acquiesce in the judgment; whether the assets have been so dissipated as to prevent their recovery if the judgment is reversed or modified; and whether the opposing party will be unfairly prejudiced. *Id*. at 227. The burden of proving an estoppel rests on the party asserting it. *Id*. at 217.

Merely using, holding, controlling, or securing possession of community property awarded in a divorce decree does not constitute clear intent to acquiesce in the judgment and will not preclude an appeal absent prejudice to the nonappealing party. *Id*. at 228. Here, K. Smith did not merely use, hold, control, or secure possession of community property awarded in a divorce; she sold the property. It is clear she asserted dominion over the community estate awarded to her and intended to accept the division of the estate that awarded her 100% of the community estate.

Both the family code and the premarital agreement require the trial court to divide the community estate in a manner the court deems just and right, having due regard for the rights of each party and any children of the marriage. TEX. FAM. CODE ANN. § 7.001. When a trial court awards one party, such as K. Smith, 100% of the community estate, we must presume the trial

court considered the extent of the separate property of the other party, here, C. Smith.

K. Smith now challenges the characterization of the Blanco Home and Texcrete as C. Smith's separate property. In the context of divorce, where a mischaracterization of property could materially affect the just and right division of the community estate, the court of appeals must remand the entire community estate for a new division. *Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex. 1985). If we were to evaluate the characterization of the Blanco Home and/or the Texcrete company as needing to be included in the community estate, that would have a material, not de minimus, effect on the community estate. *Matter of Marriage of Rane & Marreddy*, No. 05-24-00569-CV, 2026 WL 1739496, at *6 (Tex. App.—Dallas June 16, 2026, no pet. h.).

Here, if K. Smith's appeal of the characterization of the Blanco Home and Texcrete are to be considered, the outcome requested by K. Smith, would almost certainly require the remand of the entire community estate. Yet, the entire community estate no longer exists. The 701 Property has been sold.

Unlike the fungible nature of cash, real property like the 701 Property cannot necessarily be restored to the community estate for redivision. *See Kramer v. Kastleman*, 508 S.W.3d 211, 224 (Tex. 2017) (cash is fungible, and if it can be restored or otherwise taken into consideration in redivision of the

marital estate, use of cash does not prejudice the nonappealing party and does not bar an appeal). The court in *Argovitz* found an exception to the acceptance of benefits doctrine did not apply because the spouse accepted real property in addition to cash. *Argovitz v. Argovitz*, No. 14-04-00885-CV, 2005 WL 2739152, at *3 (Tex. App.—Houston [14th Dist.] Oct. 25, 2005, no pet.).

Cash is distinct from dirt, and the dirt [the 701 Property] that K. Smith accepted and sold cannot be restored in like kind to the community estate. This is not an instance where a return of funds will restore the community estate. Upon review of the record and the separate property and fungible community money awarded to K. Smith, we are not persuaded that financial necessity justified K. Smith's sale of the 701 Property. We find instead that the 701 Property asset was voluntarily dissipated as to prevent its recovery if the decree of divorce were reversed or modified.

Because the community estate cannot be fully restored for a just and right division, we find that C. Smith would be prejudiced were we to evaluate the characterization of the Blanco Home and Texcrete and/or the denial of K. Smith's reimbursement and interspousal tort claims. K. Smith would have this court review two assets declared to be separate property of C. Smith for recharacterization as community property without adjustment of the trial court's award of 100% of the community estate to K. Smith.

C. Smith does not concede that K. Smith was entitled to 100% of the community estate. Were K. Smith's challenges to be considered and a remand of the entire community estate necessitated, there is a possibility that a redivision of the community estate would result in less than a 100% award of the community estate to K. Smith. K. Smith's appeal of the characterization of properties awarded as C. Smith's separate property and the denial of her reimbursement and interspousal tort claims alongside K. Smith's simultaneous acceptance and dissipation of the community estate does not seem to consider the possibility of a lesser division. Since its inception, the acceptance of benefits doctrine has stood on the principal that a litigant cannot treat a judgment as both right and wrong. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). We find the acceptance of benefits doctrine applies here.

## Conclusion

Because we find the acceptance of benefits doctrine applies here, we grant the Appellee Carey Dennis Smith's Motion to Dismiss. In light of the dismissal, we need not further address Appellant Kathryn Marks Smith's four issues on appeal.



_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED: August 13, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Dismissed
Motion Granted
CV06